# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# Alexandria Division

| | |
|---|---|
| 2/4 Original LLC, a Virginia Limited Liability Company, <br><br> Plaintiff, <br><br> v. <br><br> FAID HOSSAIN, an individual residing in Maryland <br><br> Defendant | Civil Action No. |

## VERIFIED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiff, 2/4 Original LLC, ("Plaintiff") a Virginia Limited Liability Company, by Counsel, and in and for its Complaint against Defendant FAID HOSSAIN, an individual residing in Maryland, says as follows:

## JURISDICTION AND VENUE

1. This is an action pursuant to 15 U.S.C. §§ 1114, 1116, 1121 and 1125(a). Accordingly, this Court has jurisdiction under 28 U.S.C. §§ 1331, 1332 and 1338. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 since Defendant conducts business in this District the damages complained of occurred in this District.

## THE PARTIES

2. 2/4 Original LLC ("2/4 Original") is a Limited Liability Company duly organized under the laws of the Commonwealth of Virginia with its principal place of business located in Falls Church, Virginia. 2/4 Original was originally incorporated under the

1

laws of the District of Columbia but has since domesticated itself in the Commonwealth of Virginia. 2/4 Original is engaged in the business of distributing throughout the United States, but particularly in the Mid-Atlantic region, Tobacco Products, including pipe tobacco products that comprise the trademark 2/4 ORIGINAL (the "2/4 Mark").

3. Plaintiff is the owner of the trademark "2/4 ORIGINAL," which is registered on the Principal Register of the United States Patent and Trademark Office under Registration Number 7204786. The certificate of the trademark issued by the USPTO is attached as Exhibit A to this Complaint. The trademark application was filed on March 13, 2022, and the registration was issued on October 31, 2023. The mark consists of standard characters without claim to any particular font style, size, or color, and is identified as a standard character mark. The mark "2/4 ORIGINAL" is currently in use in commerce, and the registration status is live and active. The publication date of the mark was August 15, 2023. The Plaintiff disclaims any exclusive right to use the term "ORIGINAL" apart from the mark as shown.

4. Defendant, Faid Hossein, is a resident of Maryland, and has participated and orchestrated the acts complained of, including trademark infringement, and counterfeiting.

5. Upon information and belief, Defendant and his agents and associates are directly engaged in the sale of counterfeit, infringing products within this District as alleged herein, and uses a counterfeit 2/4 ORIGINAL trademark in connection with their illegal business.

## SUBSTANCE OF THIS ACTION

6. This action arises out of Defendant's illegal distribution and sale of counterfeit tobacco products bearing the 2/4 ORIGINAL Marks, photographs of which are attached to this Complaint in Exhibit B, which is a comparison of the genuine and counterfeit marks.

7. Defendant is producing and distributing 2/4 ORIGINAL counterfeit products in a manner not authorized by 2/4 Original, in a manner that materially differs from 2/4 Original's authorized products, and with false and misleading information. By presenting counterfeit, trademark-infringing 2/4 Original products, Defendant is causing immediate and irreparable harm not only to 2/4 Original, but also to the public who are the victims of fraud and potentially dangerous counterfeit products.

8. Defendant, who has no relation to the Plaintiff and has never been an authorized distributor or manufacturer of Plaintiff's products, is offering for sale and selling counterfeit 2/4 Original Products - which appear to be almost identical copies to 2/4 Original's Products - in this District and in other areas including but not limited to the District of Maryland and the District of Columbia. A visual comparison of the genuine and counterfeit product packaging is attached to this Complaint as Exhibit B.

9. Defendant is selling their counterfeit, and trademark-infringing 2/4 ORIGINAL branded products though vape shops, gas stations, and convenience stores, among other retailers, retail outlets that would otherwise carry genuine 2/4 ORIGINAL products. These counterfeit 2/4 ORIGINAL products distributed by Defendant are sold under the guise they are authentic 2/4 ORIGINAL products.

10. Because Defendant has stolen 2/4 Original's intellectual property to sell potentially dangerous counterfeit products. Defendant is violating 2/4 Original's property rights

and inflicting immediate and irreparable harm to 2/4 Original LLC. Accordingly, 2/4 Original LLC seeks, *inter alia*, injunctive relief, the seizure of the illegal counterfeit products distributed by Defendant, and damages suffered by 2/4 Original including statutory damages of up to two-million dollars ($2,000,000.00) per counterfeit mark; prejudgment interest; attorney's fees and costs; and any other relief this Court deems just and proper.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

11. 2/4 ORIGINAL is a small business founded and operated by a husband-and-wife team and began as a passion project that became something so much more. 2/4 ORIGINAL is a family business that takes pride in every aspect of their work, and their passion for the finest quality tobacco continues to drive the company forward. 2/4 ORIGINAL hand picks each and every leaf that they crush in their product, ensuring the highest quality standards for their loyal customers.

12. Consequently, the 2/4 ORIGINAL brand has become synonymous with premium quality funnel tobacco and allows consumers to reliably identify the highest quality funnel tobacco.

13. As a leader in its field of products, 2/4 ORIGINAL takes the utmost care to ensure its products are packages and offered in consistent and uniform fashion. Its careful design of its product packaging allows consumers to easily identify their product.

14. The brand of 2/4 ORIGINAL, its trademark, is an information signal of quality to consumers that Plaintiff has worked tirelessly to establish,

15. Plaintiff has gone to great lengths to ensure its products maintain their hard-fought image and reputation, so that consumers may have a reliable premium choice of funnel

tobacco. Plaintiff's success as a business is entirely dependent on their customer relationships which are built on a foundation of trust and quality offerings.

16. Plaintiff invests considerable time, money, and effort to promote, brand, package, and bring their premium product to market.

17. The 2/4 ORIGINAL mark has been used in interstate commerce to identify and distinguish 2/4 ORIGINAL's premium product for an extended period of time.

18. The 2/4 ORIGINAL mark has never been assigned or licensed to the Defendant.

19. The 2/4 ORIGINAL mark stands a symbol of 2/4 ORIGINAL's quality, reputation, and goodwill, and have never been abandoned.

20. The development and promotion of the 2/4 ORIGINAL Mark led to significant expense on the part of Plaintiff.

21. 2/4 ORIGINAL has extensively promoted and consistently utilized the 2/4 Original mark in the United States in association with the sale of high-quality tobacco products, and has carefully monitored and policed the use of the 2/4 ORIGINAL Mark.

22. Because of Plaintiff's efforts and commitment to both its premium products and its Mark, the 2/4 ORIGINAL Mark has acquired a secondary meaning as an identifier of the highest quality tobacco.

23. Upon information and belief, at all times relevant hereto, the Defendant had full knowledge of 2/4 ORIGINAL's ownership of the 2/4 ORIGINAL Mark, including its exclusive right use and license such intellectual property and the goodwill associated with such property.

24. 2/4 ORIGINAL has discovered that Defendant is promoting and otherwise, advertising, distributing selling and/or offering for sale counterfeit and infringing products bearing

the 2/4 ORIGINAL Mark ("Defendant's Goods") which are nearly identical copies of the 2/4 ORIGINAL Mark. Defendant is using the 2/4 ORIGINAL Mark in the same stylized fashion for substantially inferior goods of unknown safety.

25. Upon information and belief, the Defendant's Goods are of a quality vastly inferior to the quality of genuine 2/4 ORIGINAL products. Their extremely low price point begs the question of the safety of the counterfeit products and leads to a reasonable inference that the products are untaxed.

26. Defendant offers and advertises its illegal and counterfeit Products to retailers and to the consuming public. In their solicitations, Defendant uses 2/4 ORIGINAL's Mark completely without authorization on the part of Plaintiff, the trademark owner.

27. Upon information and belief, the Defendant is conducting its counterfeiting and infringing activities at least within this District and in other areas including but not limited to the District of Maryland and the District of Columbia. As a result, Defendant is defrauding local retailers, and the wider consuming product by offering these counterfeit products in the marketplace at the benefit of Defendant.

28. The infringement and disparagement of 2/4 ORIGINAL's products goes beyond the wrong description of their goods or the failure of such goods to conform to their advertised quality or performance.

29. The Defendant is knowingly and intentionally engaged in Defendant's counterfeiting and infringing activities for the purpose of trading on the hard-won goodwill and excellent reputation of 2/4 ORIGINAL. If the Defendant's knowing and intentional unlawful activities are not enjoined by this Court, 2/4 ORIGINAL, tobacco retailers, and the wider consuming public will continue to suffer immediate and irreparable harm.

30. The conduct of Defendant in engaging in the above-referenced counterfeiting activities is likely to cause confusion, deception and mistake among consumers and retailers.

31. The conduct of Defendant in engaging in the above-referenced counterfeiting activities has actually caused confusion among retailers and consumers alike. Some examples of which - in the form of Instagram messages received by Plaintiff - are attached to this Complaint in Exhibit C.

32. The Defendant's knowing and intentional conduct is likely to cause a false impression and deceive customers and retailers into believing they are purchasing genuine 2/4 ORIGINAL high-quality products.

33. There is no adequate remedy at law available for the immediate and irreparable harm Defendant continues to inflict on 2/4 ORIGINAL.

34. Defendant is earing substantial profits at the extreme detriment of 2/4 ORIGINAL, who is suffering immediate and irreparable injury has been damaged substantially as a result of the infringing and counterfeiting activities of Defendant.

35. The injuries and damages sustained by 2/4 ORIGINAL have been both proximately and directly caused by the wrongful reproduction, use, advertisement, promotion, offers to sell, and sale of the Defendant's counterfeit Goods.

36. Specifically, on or about February 7, 2023, Plaintiff was made aware of a sale of a counterfeit 2/4 ORIGINAL product produced and distributed by Defendant at a Shell Gas Station in Greenbelt, Maryland.

37. Immediately, on February 7, 2023, Plaintiff directed their counsel to send a cease-and-desist letter to Defendant, attached as Exhibit D to this Complaint.

38. Specifically, the letter demanded that Defendant:

    a. cease all current and future use of 2/4 ORIGINAL name(s) or any name confusingly similar to or incorporating the terms "2/4" and "ORIGINAL," or anything confusingly similar thereto;

    b. take down and/or change all social media posts, pages, and content that contain and/or feature products branded as 2/4 ORIGINAL, including, but not limited to, Facebook and Instagram;

    c. cease all current and future plans to operate a website using the words "2/4" and "ORIGINAL" in connection with tobacco and tobacco-related products;

    d. transfer ownership of any domain names or social media accounts featuring 2/4 ( or 24) and ORIGINAL;

    e. destroy or change all labels, packaging, signs, letterhead, or other materials featuring 2/4 ORIGINAL;

    f. provide an accounting of sales to date using the 2/4 ORIGINAL name;

    g. provide a list of all distributors of the infringing 2/4 ORIGINAL products, including addresses; and

    h. provide a detailed list of all existing inventory featuring the 2/4 ORIGINAL name, including the quantities and locations.

39. Plaintiff continued to monitor the market for Defendant's counterfeit Goods being offered for sale.

40. On June 9, 2024, Defendant, or someone acting on behalf of Defendant, made a sale of Defendant's counterfeit Goods being offered as 2/4 ORIGINAL products to a tobacco retailer in Arlington, Virginia, the owner of which is a friend of Plaintiff.

41. Defendant sold one-thousand units of Defendant's counterfeit Goods to the above-mentioned retailer on June 9, 2024 for $1,350.00.

42. Defendant specifically asked that no name be written on the check issued by the retailer, and a CCTV recording of this transaction was recorded by the retailer and is attached to this complaint as Exhibit E.

43. The retailer notified Plaintiff of this suspicious solicitation and sale and withheld the products from sale, instead handing them over to the custody and control of the Plaintiff.

44. Plaintiff retains custody and control over these counterfeit products and is willing and able to offer them into evidence.

45. On June 24, 2024, Counsel for Plaintiff send a final cease and desist letter to Defendant, attached to this Complaint as Exhibit F.

## COUNT I – TRADEMARK INFRINGEMENT
## PURSUANT TO SECTION 32 OF THE LANHAM ACT

46. 2/4 ORIGINAL hereby adopts, reincorporates, and re-alleges the allegations set forth in Paragraphs 1 through 45 above.

47. This is an action for trademark infringement against the Defendant based on Defendant's distribution, sale and/or offering, advertisement, and promotion of counterfeit products using Plaintiff's 2/4 ORIGINAL Mark in a virtually identical manner in product packaging and offering.

48. Defendant's infringing and illegal counterfeiting activities are likely to cause confusion, deception and mistake among both retailers and members of the wider consuming public as to the quality and origin of Defendant's counterfeit Goods.

49. The Defendant's illegal acts have caused and continue to cause immediate and irreparable harm to Plaintiff and the damages sustained by Plaintiff are unquantifiable.

50. Defendant's above-referenced illegal acts constitute trademark infringement of Plaintiff's 2/4 ORIGINAL Mark, in violation of Plaintiff's protections under §32 of the Lanham Act, 15 U.S.C. § 1114.

51. Unless Defendant is enjoined, Plaintiff will continue to suffer immediate and irreparable harm.

### COUNT II – COUNTERFEITING OF TRADEMARK PURSUANT TO SECTION 32 OF THE LANHAM ACT

52. Plaintiff hereby adopts, reincorporates, and re-alleges the allegations set forth in the above Paragraphs 1 through 45.

53. Defendant has used identical packaging to Plaintiff's Goods bearing the 2/4 ORIGINAL Mark.

54. The 2/4 ORIGINAL Mark used by Defendant is neither genuine nor authentic.

55. Defendant's counterfeit Goods are being trafficked and sold in commerce, in violation of 18 U.S.C. §2320(d)(1)(A)(i), among other Federal and State statutes.

56. Defendant is knowingly and intentionally, producing and distributing 2/4 ORIGINAL branded products in an effort to deceive retailers and ordinary consumers into believing the counterfeit and infringing products are authentic, and is doing so with the intent of financial gain from the low price of the counterfeit goods when compared to Plaintiff's authentic goods.

57. The counterfeiting activities of Defendant are actually causing confusion, mistake and deception among retailers and to consumers as to the origin and quality of Defendant's Goods.

58. The Defendant's illegal acts have caused and continue to cause immediate and irreparable harm to Plaintiff and the damages sustained by Plaintiff are unquantifiable.

59. Defendant's above-referenced illegal acts constitute trademark infringement of Plaintiff's 2/4 ORIGINAL Mark, in violation of Plaintiff's protections under §32 of the Lanham Act, 15 U.S.C. § 1114.

60. Unless Defendant is enjoined, Plaintiff will continue to suffer immediate and irreparable harm.

## COUNT III – FALSE DESIGNATION OF ORIGIN PURSUANT TO SECTION 43(a) OF THE LANHAM ACT

61. Plaintiff hereby adopts, reincorporates, and re-alleges the allegations set forth in the above Paragraphs 1 through 45.

62. Defendant's Goods illegally bearing Plaintiff's 2/4 ORIGINAL Mark are being used in interstate commerce and contain a false designation of origin. Defendant's Goods are labelled with Plaintiff as the source of the goods, which is demonstrably false.

63. Defendant's labels on the infringing products illegally bearing Plaintiff's 2/4 ORIGINAL Mark name Plaintiff as the source of the goods, when it is not, leading consumers to believe that the infringing goods are authentic, and emanate from Plaintiff.

64. Defendant's Goods sold bearing the 2/4 ORIGINAL Mark are virtually identical in appearance to each of Plaintiff's respective genuine goods. However, the Defendant's Goods are different and inferior in quality. Accordingly, the Defendant's activities are likely to cause confusion in the trade and among the general public as to at least the origin or sponsorship of the Defendant's Goods.

65. Defendant's has used in connection with Defendant's sale of Defendant's Goods, false designations of origins and false descriptions and representations, including words or other symbols and trade dress which tend to falsely describe or represent such goods and have caused such goods to enter into commerce with full knowledge of the falsity of such designations of origin and such descriptions and representations, all to the detriment of Plaintiff.

66. Specifically, Defendant has authorized an infringing use of the 2/4 ORIGINAL Mark in the Defendant's advertisement and promotion of their counterfeit, infringing and stolen products throughout the United States. The Defendant has misrepresented to members of the consuming public that Defendant's Goods being advertised and sold by them are genuine, non-infringing, legal products.

67. Defendant's above-described actions are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

68. Plaintiff has sustained injury and damage caused by the conduct of Defendant, and absent an entry of an injunction by this Court, 2/4 ORIGINAL will continue to suffer immediate and irreparable harm and injury to its business reputation and goodwill with its customers.

**PRAYER FOR RELIEF**

69. WHEREFORE, Plaintiff 2/4 ORIGINAL LLC demands judgment against the Defendant as follows:

    a. Entry of a temporary, preliminary and permanent injunction enjoining Defendant, and his agents, representatives, employees, and all individuals or companies acting in concert or participation with Defendant's counterfeiting

activities, from manufacturing, selling, promoting, or distributing the Defendant's Goods; from infringing and counterfeiting the 2/4 ORIGINAL Mark, or any mark or trade dress similar thereto, in connection with the sale of any unauthorized goods; from using from using any logo, trade name or trademark or trade dress which may be calculated to falsely advertise the services or products of the Defendant as being sponsored by, authorized by, endorsed by, or in any way associated with Plaintiff; from falsely representing themselves as being connected with Plaintiff, through sponsorship or association, or engaging in any act which is likely to falsely cause members of the trade and/or of the purchasing public to believe any goods or services of the Defendant are in any way endorsed by, approved by, and/or associated with Plaintiff; from using any reproduction, counterfeit, copy, or colorable imitation of the 2/4 ORIGINAL Mark in connection with the publicity, promotion, sale, or advertising of any goods sold by the Defendant, including, without limitation, products and other goods; from affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent Defendant's Goods as being those of Plaintiff, or in any way endorsed by Plaintiff and from offering such goods in commerce; and from otherwise unfairly competing with Plaintiff.

b. That this Court enter an order awarding Plaintiff 2/4 ORIGINAL LLC statutory damages from Defendant in the amount of two-million dollars ($2,000,000.00)

    for the intentional counterfeit product bearing Plaintiff's 2/4 ORIGINAL Mark, pursuant to the Lanham Act, 15 U.S.C. §1117(c)(2).

c. Entry of an order awarding Plaintiff 2/4 ORIGINAL LLC pre-judgment interest.

d. Entry of an order awarding Plaintiff 2/4 ORIGINAL LLC its costs and reasonable attorneys' fees associated with this action.

e. Entry of an order awarding Plaintiff 2/4 ORIGINAL LLC any such other and further relief this Court deems just and proper.

                Respectfully submitted,
                2/4 ORIGINAL LLC

`

                By:    /s/ Herbert S. Rosenblum
                Herbert S. Rosenblum
                VSB #06125
                Attorney for 2/4 ORIGINAL LLC
                Herbert S. Rosenblum, P.C.
                526 King Street, Suite 211
                Alexandria, Virginia 22314
                Telephone: 703-684-0060
                Facsimile: 703-685-0072
                Email: herbert@hsrlawpc.com

## VERIFICATION

I have read the forgoing Verified Complaint and know its contents. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Dated this 8th day of October 2024.

2/4 ORIGINAL LLC

By: *Salah Elbab*

Salah Elbab, its sole Member.

_____
Notary Public
Commonwealth of ~~Virginia~~ Florida

County/City of ___Broward___

Subscribed and sworn to before me this __8th__ day of __October__, 2024 , by ___Salah Elbab___ (Affiant)

_____
Notary Public

KELSEY PROPER
Notary Public - State of Florida
Commission # HH415727
Expires on June 28, 2027

My commission expires: __06/28/2027__

Notary Registration Number: __HH415727__

Notarized remotely online using communication technology via Proof.
Driver License produced for ID.

15